IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-508-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| $35,835.00 IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's emergency motion to compel deposition and for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Claimant, Awwad Mohamed, has responded, and the motion is ripe for ruling. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, the government, initiated this *in rem* action to enforce the provisions of 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). On May 30, 2023, the government noticed a deposition of claimant to take place on June 20, 2023, at 10:00 a.m. at the Office of the United States Attorney in Raleigh, North Carolina. [DE 45-1]. The deposition commenced at 11:22 a.m. on 20 June 2023, to permit counsel for claimant additional time to appear. Present at the deposition with the two Assistant United States Attorneys who have appeared in this action were a financial auditor who is employed by the civil division of the U.S. Attorney's Office, an asset forfeiture financial investigator detailed from the United States Marshals Service to the Civil Division of the U.S. Attorney's Office, and a Nash County deputy sheriff and federal task force officer who initiated the traffic stop of claimant which resulted in the seizure of the currency.

After each of the foregoing persons had been introduced to claimant and his attorneys, claimant's counsel orally moved to terminate the deposition, citing Fed. R. Civ. P. 30(d)(3)(A). Counsel argued that the presence of law enforcement officers amounted to the deposition being taken in bad faith and as part of a criminal investigation rather than a civil proceeding. Following some discussion regarding the rule and procedure, counsel for claimant and claimant walked out of the deposition. [DE 45-2].

Thereafter, the government filed the instant motion. First, it asks the Court to compel claimant and his counsel to reappear for an oral deposition and answer the questions posed on July 10, 2023, at 10:00 a.m. at the Office of the United States Attorney in Raleigh. Second, the government asks that the Court sanction claimant or his counsel with the government's costs and attorney fees related to the deposition and the filing of the instant motion.

DISCUSSION

Rule 30(d)(3)(A) of the Federal Rules of Civil Procedure states that:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Here, counsel for claimant failed to follow the procedure contemplated by the rule. As the government has argued and explained during the deposition, any motion to terminate a deposition must be made *to the court* and a ruling is required prior to unilaterally terminating the deposition. The claimant could have demanded that the deposition be suspended in order to allow time for the court to rule on such a motion, but that is not what the transcript reflects occurred. Rather, counsel for claimant informed the government that he and his client would be leaving.

2

In opposing the government's motion, claimant does not contend that the 20 June 2023 was not properly noticed or that any other formal requirement was not met. Claimant contends that he was left with "no reasonable alternative" except to leave the deposition. This is belied by the transcript and the plain text of Rule 30(d)(3). Indeed, the Assistant United States Attorney offered to jointly contact the U.S. Magistrate Judge on duty in order to obtain a ruling on claimant's motion to terminate the deposition, but counsel did not accept and further filed no motion with this Court following his termination of the deposition.

Claimant has offered no grounds to justify his unilateral termination of the deposition, and for this reason alone the motion to compel is appropriately granted. Even if the Court were to consider his argument that the presence of additional individuals at the deposition converted it into a criminal investigation, claimant has cited no authority for his position that the government may not have present case agents or others assisting it with its case during a deposition. And while claimant cites to a case which expounds on the Fifth Amendment concerns present when there are parallel criminal and civil proceedings against the same individual, *Harrington v. Crater*, 2021 U.S. Dist. LEXIS 54062, *11 (E.D.N.Y. 2021) (discussing whether to stay a civil action in favor of ongoing criminal proceeding against same defendant), that is not the circumstance presented here.

Accordingly, the Court will grant the government's motion to compel and command claimant and his counsel to be present and participate in an oral deposition on 10 July 2023 at 10:00 a.m. at the Office of the United States Attorney for the Eastern District of North Carolina.

The Court will not impose sanctions. The government seeks sanctions pursuant to Rule 37(d)(3), which provides that where a party fails to attend its own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable

3

expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). First, claimant did physically appear for his deposition and was affirmed, and several courts have held that if the deponent appears and is sworn the refusal to answer questions does not amount to a failure to appear. *See, e.g., Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (noting Rule 37(d) should be strictly construed). Recognizing, however, that claimant did not merely refuse to answer questions but left the deposition entirely, the Court further determines that, despite claimant's failure to comply with the procedures outlined Rule 30, the concerns raised by counsel regarding a criminal investigation, which implicates Fifth Amendment concerns, if not substantially justified, makes the imposition of sanctions unjust in the context of this civil forfeiture proceeding. The Court further declines, in its discretion, to impose sanctions under any other provision of Rule 37.

## CONCLUSION

Accordingly, for the foregoing reasons, the government's emergency motion to compel deposition and for sanctions [DE 45] is GRANTED IN PART and DENIED IN PART. Claimant shall appear at the Office of the United States Attorney for the Eastern District of North Carolina in Raleigh on July 10, 2023, at 10:00 a.m. for oral deposition. The request for sanctions is denied.

SO ORDERED, this ____ day of July 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:20-cv-00508-BO   Document 51   Filed 07/07/23   Page 4 of 4