IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-cv-508-BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER ON BILL OF COSTS**<br>) |
| $35,835.00 IN U.S. CURRENCY, | )<br>) |
| Defendant. | ) |

This matter is before the clerk on the plaintiff United States of America's unopposed motion for bill of costs [DE-63]. For the reasons set forth below, the motion is GRANTED IN PART.

## BACKGROUND

Plaintiff initiated this civil forfeiture action on September 28, 2020 by filing a complaint [DE-1]. On November 6, 2020, Awwad Mohamed filed an answer [DE-6] and claim [DE-7] to the defendant currency. On September 12, 2023, the court denied claimant's motion to suppress and granted plaintiff's motion for summary judgment [DE-60]. The clerk entered judgment that same day [DE-61]. Plaintiff timely filed the motion or bill of costs [DE-62], seeking an award of costs against claimant Awwad Mohamed.

## DISCUSSION

Plaintiff seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). See also Pine River Logging & Imp. Co. v. United States, 186 U.S. 279, 296 (1902) ("While the rule is well

settled that costs cannot be taxed against the United States, the rule is believed to be universal, in civil cases at least, that the United States recover the same costs as if they were a private individual."); United States v. $98,699.60 in U.S. Currency, No. 5:13-CV-630-D, October 15, 2017 Order (at Docket Entry 155) (granting the government's motion for bill of costs and awarding costs against the claimant in a civil forfeiture action). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

In this action, plaintiff seeks costs in the amount of $3,643.32, among three categories of costs allowable by 28 U.S.C. §:1920: (1) fees of the clerk and marshal under § 1920(1);[1] (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case under § 1920(2); and (3) fees for witnesses under § 1920(3). The clerk will examine each category in turn.

Plaintiff seeks $777.36 in fees for service of three deposition subpoenas. Pursuant to 28 U.S.C. § 1920(1), fees of the clerk and marshal may be taxed. Generally in this district, fees for private process servers may be taxed under § 1920(1), provided that the fees do not exceed the fees that would have been incurred had the marshal's office effected service. See Arista Records LLC v. Gaines, 635 F. Supp.2d 414, 418-19 (E.D.N.C. 2009) ("Given the apparent congressional intent to make service of process fees a taxable item and due to the substitution of private process servers for the U.S. marshal in recent years, taxation of costs for special process servers is justifiable."); see also U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000)

---

[1] Plaintiff includes the requested fees for service of deposition subpoenas in the category of fees for transcripts.

(reasoning that § 1920(1) refers to fees "of" the marshal but does require payment "to" the marshal, and consequently "the 'fees of the marshal' refers to fees authorized by § 1921, rather than fees collected by the marshal."). The invoices submitted by plaintiff all show a flat charge for expedited personal service, and do not allow the clerk to determine the equivalent cost charged by the marshal under 28 U.S.C. § 1921. See Mem. in Support of Mot. for Bill of Costs, Ex. F [DE-63-7]; Ex. I [DE-63-10] and Ex. L [DE-63-13]. Accordingly, the requested costs for fees for the service of the deposition subpoenas are disallowed without prejudice. Plaintiff may file a renewed motion for bill of costs as to this category of costs within 21 days of the filing date of this order, documenting the costs that would have been incurred had the marshal's office effected service of the deposition subpoenas.

Plaintiff also seeks $2,689.24[2] in fees for printed or electronically recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2). Plaintiff recognizes that charges for expedited processing, exhibit handling, and litigation support packages are not taxable under § 1920(2) and Local Civil Rule 54.1. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll., No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of

---

[2] This amount encompasses $3466.86 listed on plaintiff's bill of costs [DE-62], less the amount plaintiff included for service of the deposition subpoenas, $777.36.

3

the deposition"). The clerk finds that plaintiff's requested fees for these costs have omitted all of these non-taxable costs, with the exception of the requested fees for the deposition of Omer Mohamed [DE-63-6], which includes $35.00 of non-taxable costs. Accordingly, plaintiff's request for fees pursuant to § 1920(2) is allowed in the amount of $2654.24.

Finally, plaintiff seeks costs in the amount of $176.46 for witness attendance fees for depositions of third-party witnesses pursuant to § 1920(3). That request for costs is allowed in full.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for bill of costs [DE-62] is GRANTED in part. As the prevailing party in this action, plaintiff United States of America is awarded (1) $2,654.24 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2) and (2) $176.46 in witness fees pursuant to § 1920(3). Total costs in the amount of $2,830.70 are taxed against claimant Awwad Mohamed and shall be included in the judgment.

SO ORDERED. This the _11_ day of December, 2023.

Peter A. Moore, Jr.
Clerk of Court

4

Case 5:20-cv-00508-BO   Document 64   Filed 12/12/23   Page 4 of 4